GEORGIA,
Chatham Co.
APRIL, 1810.

State
vs.
Pettibone.

*Minutes of Superior Court, letter G. p. 288.*

*April Term*, 1810.

The STATE *vs.* JOHN PETTIBONE, Esq.

#### AFFIDAVIT.

*Charlton*, Judge.

Mr. *Solicitor* was presenting a bill of indictment against *John Pettibone*, Esq, a justice of the peace. for *malpractice in office*, when *Leake*, for defendant, moved for a *postponement* of the prosecution, and in support of his motion exhibited an affidavit of the defendant, containing grounds and assertions for *putting off* a trial.

Mr. *Solicitor* opposed the motion upon the grounds : that the court could not control him in the exercise of the discretionary power, (which he conceived was one of the incidents of his office) of determining when it would, or would not be proper to prefer his bills of indictment to the grand jury ; and that if such a discretion did not fall within the scope of his legitimate rights, it would be still necessary in all cases circumstanced like this, for the defendant to satisfy the court, that the persons named in the affidavit are material witnesses.

This case is founded upon the 81st section of the judicial act of 1797, which after enacting, that the justices of the peace of the several counties are liable to prosecution and trial by indictment for malpractice in office, concludes with these words : " which indictment, if found by the grand jury, after hearing *the parties*, and their evidences, shall be tried by a jury, and if convicted on such indictment the judgment of the court may extend to fine, or removal from office, or either at discretion." Marb. and Crawf. Dig. 290.

In common cases, Mr. *Solicitor* has an undoubted right to withhold, or to prefer his bills of indictment, as may be in his opinion, the most conducive to the ends of public justice, and

GEORGIA,.
Chatham Co.
APRIL, 1810.

State
vs.
Pettibone.

the reason is obvious. In common cases the evidence is *ex parte*, and it must consequently be left to the sound discretion of the *Solicitor*, whether it would be most expedient at *this* or *that time* to prefer his bills of indictment : but, as I suggested yesterday, the evidence allowed by our judicial act is *sui generis*. The justice indicted has not only the right of having *his* witnesses sworn and heard before the grand jury, but he may be sworn and heard himself. The words of the statute are, " after hearing the parties, and their evidences." It results, therefore, that as the justice and his witnesses may be sworn, he may solicit a postponement, of the prosecution, if time has not been allowed him to procure the attendance of material witnesses. At the period of *prosecution*, he stands in the same situation as a defendant against whom a bill *has been found*, and the practice and rules as they apply to a motion to *put off* a trial will apply to a motion to *postpone* a prosecution. If the court can then *put off* a trial upon the usual allegations of the common and formal affidavit, it can surely, without usurping Mr. *Solicitor's* prerogatives, postpone a prosecution against a justice, the reason for both being the same, *eadem est ratio, eadem est lex.*

In the case of the King *vs.* Le Chevalier D'Eon, M'Nally Evid. 662, the court granted, " that in all cases, whether criminal or civil, a trial should not be hurried on as to do injustice to the defendant ; an affidavit in common form may be sufficient where no cause of suspicion appears, but men take such a latitude to swear in common form, that where a suspision arises from the nature of the question, or from contrary affidavits, the court will examine into the *ground* upon which the delay is asked, and have in criminal as well as civil cases, refused to put off a trial, notwithstanding an affidavit in common form. It is necessary therefore in such cases as this, First, to satisfy the court, that the persons are material witnesses, Second, to show that the party applying has been guilty of no *laches* or neglect in omitting to apply to them, and endeavoring to procure their attendance ; and Third, to satisfy the court, that there is a *reasonable* expec-

GEORGIA, tation of his being able to procure their attendance at the
Chatham Co.
APRIL, 1810. future time, to which he prays the trial to be put off." The
same rules and doctrines are advanced in the case of the
Hopkins and King *vs.* Finney in Ridgeway's Report of Finney's trial, p.
Odingsell
vs. 73. In this case it is also said by the Irish Bench, " that motions
Bolton, Ex'r. of this sort are always addressed to the sound discretion of
the court." As we have no rules or practice of our own,
on this subject, I must adopt those laid down by foreign tri-
bunals, so far as they appear to be just and reasonable.

Justice *Pettibone* has not been allowed sufficient time to
procure the attendance of one of his witnesses, the governor
of the state, who resides at the seat of government, 180 miles
from this city. If I am not mistaken, he has not had more
than three days' notice of this prosecution, and for that he is
indebted to the politeness of Mr. *Solicitor,* who was not le-
gally obliged to give that notice. This part of the affidavit is
therefore, unquestionably supported ; but this of itself is not
sufficient to put off a trial, and therefore, from the analogy I
have traced, it is not sufficient to postpone a prosecution of
this description. The affidavit must farther assert, that the
witnesses are material, and if the nature of the case re-
quires it, the court must be satisfied also of the materiality of
their testimony. If I consider the fact proposed to be prov-
en by the absent witnesses material, I shall grant a post-
ponement, because if those facts are material, they termi-
nate my discretion.

Let the affidavit be amended, so that the facts may be in-
corporated which the absent witnesses may prove.(*a*)

Mr. *Solicitor,* for the State.
*Harris* and *Leake,* for defendant.

---

(*a*) Some parts of this decision, which were not deemed important,
have been omitted. The reporter has confined himself to the opinion
of the court on the points of practice, not conceiving the observations
of the court which had been omitted, as essentially connected with the
grounds of the motion for a postponement.